COUNTRY OF POLAND, ex rel., Ewa BIENIEK, Petitioner, Respondent,

v.

Jan Stefan WEGRZYN, Appellant.

No. C3–93–2339.

Court of Appeals of Minnesota.

June 7, 1994.

Michael O. Freeman, Hennepin County Atty., Jyotsna Gorti, Asst. County Atty., Minneapolis, for respondent.

Donald A. Hillstrom, Minneapolis, for appellant.

Considered and decided by HARTEN, P.J. and KALITOWSKI, and PETERSON, JJ.

## OPINION

PETERSON, Judge.

Respondent filed a petition in a court in the Polish People's Republic seeking child support from appellant. Appellant lives in Hennepin County. An order to show cause why the relief requested in respondent's petition should not be granted was served on appellant. A family court referee ordered appellant to pay $200 monthly child support and the referee's order was affirmed by the district court. We reverse.

## FACTS

The parties' child was born in Poland in February 1984. Soon after the child's birth, appellant, Jan Stefan Wegrzyn, emigrated to the United States. In July 1984, a Polish court adjudicated appellant the father of the child and ordered monthly support payments of approximately $40.

In February 1992, respondent mother, Ewa Bieniek, filed a petition in a Polish court seeking increased child support from appellant. In response to this petition, the Polish court sent three documents to the Hennepin County district court. These documents were respondent's petition for enforcement of support, respondent's statement of resources and needs, and a certificate and order under a reciprocity arrangement between several jurisdictions and the Polish People's Republic.

The certificate and order, which was signed by a Polish judge, stated that (a) the judge had reviewed respondent's claims; (b) appellant had a monthly support obligation of $152.63; and (c) appellant should be ordered to respond to respondent's complaint. The certificate and order also ordered that

this certificate, together with three certified copies of the complaint and an authen-ticated copy of the pertinent dispositions of the Reciprocal Enforcement of Support law be transmitted to the competent authorities of _____.

The space at the end of the line was left blank. The district court file does not contain an authenticated copy of the Polish reciprocal enforcement of support statute and there is no evidence that an authenticated copy of the statute was ever sent to the district court by the Polish court.

In July 1992, appellant was served with an order to show cause. It stated that Polish authorities had forwarded to the Hennepin County District Court "a petition and order pursuant to the Reciprocal Enforcement of Support Act" and ordered appellant to appear and show cause why the relief requested in the petition should not be granted. After interim proceedings and orders that are not challenged in this appeal, a family court referee issued an order, which stated that "[t]his is a case of a reciprocal support action from the Country of Poland" and ordered appellant to pay child support in the amount of $200 per month. The referee's order was affirmed in all respects by the district court.

## ISSUE

May a responsive proceeding under Minnesota's Revised Uniform Reciprocal Enforcement of Support Act be commenced when the responding Minnesota court has not received from the initiating foreign court a copy of a reciprocal act in effect in the foreign jurisdiction that is substantially similar to the Minnesota Act?

## ANALYSIS

■ The Minnesota Revised Uniform Reciprocal Enforcement of Support Act, Minn. Stat. §§ 518C.01–.36 (1992) (RURESA), provides a mechanism for enforcing a support order entered by a court in a jurisdiction outside Minnesota. Under RURESA, a proceeding is commenced by filing a petition "in the appropriate court of a state in which the obligee resides." Minn.Stat. § 518C.06, subd. 2.

"State" includes a state, territory or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico and a foreign jurisdiction in which this or a substantially similar reciprocal law is in effect.

Minn.Stat. § 518C.02, subd. 14. Thus, a proceeding may be commenced in the appropriate Polish court if Poland has enacted a reciprocal enforcement of support act that is substantially similar to the Minnesota Act.

> After the responding court receives copies of the petition, the certificate and *the substantially similar reciprocal act* from the initiating court, the court administrator of the court shall docket the case and notify the prosecuting attorney of the action.

Minn.Stat. § 518C.12, subd. 1a (emphasis added).

The record in this case does not contain a copy of the Polish reciprocal enforcement of support act.

Appellant argues that the trial court made no determination that a reciprocal enforcement of support act that is substantially similar to RURESA is in effect in the Polish People's Republic. Without such a determination, appellant contends, the Minnesota Act is inapplicable to this case.

■ Respondent argues that this reciprocal enforcement proceeding was properly commenced pursuant to a comity agreement between the United States and the Polish People's Republic. Respondent contends that in a Communique on Reciprocity of Enforcement of Maintenance Orders (Nov. 18, 1987) (hereinafter Communique) the Polish People's Republic declared "that there is reciprocity between Poland and the United States of America with respect to the enforcement of maintenance orders in cases derived from family relations." The appendix to the Communique lists Minnesota as one of the states with which Poland will

reciprocate in enforcing "maintenance orders."[1] The Communique and its appendix, respondent argues, demonstrate that the Polish law is substantially similar to the Minnesota Act.

While we have no reason to question the validity of the Communique upon which respondent apparently relied when the responsive proceeding in this case was commenced in the district court, the Communique does not meet the requirements of RURESA. Minn.Stat. § 518C.12, subd. 1a requires that the responding court in a reciprocal enforcement of support proceeding receive a copy of the initiating state's substantially similar reciprocal act before the court administrator dockets the case. *See Nicol v. Tanner,* 310 Minn. 68, 69 n. 1, 256 N.W.2d 796, 797 n. 1 (1976) (Minnesota Reciprocal Enforcement of Support Act inapplicable when no substantially similar reciprocal law in effect). Because there is no indication that the Hennepin County District Court, as the responding court, ever received a copy of the reciprocal act in effect in the Polish People's Republic, the Minnesota statute was not satisfied. The Communique is not a sufficient basis upon which to initiate a responsive proceeding. *Halina V. v. Juan P.V.,* 152 Misc.2d 644, 578 N.Y.S.2d 98, 99 (N.Y.Fam.Ct.1991) (where Polish judge certified that Polish law was similar to URESA but did not send copy of Polish statute to responding court, case remanded for district court to obtain copy of Polish statute).

■ As alternate authority for commencing this responsive proceeding, respondent cites two Hennepin County district court decisions.[2] In the first of these cases, the district court found that "the Polish People's Republic has enacted reciprocal enforcement of support laws which are substantially similar to that of Minnesota." *Hennepin County ex rel. Polish People's Republic v. Nelson,* No. 164–100, slip op. at 2 (Hennepin County

---

1. Poland is a member of the United Nations Convention on the Recovery of Maintenance Abroad. Philip Schwartz, *International Support Remedies, in Interstate Child Support Remedies,* 243 n. 2 (Margaret C. Haynes & G. Diane Dodson eds., 1989). The Convention "has been used for both child and spousal support." *Id.* at 244.

2. Respondent acknowledges that this court is not bound by a decision of the district court. The district court decisions are cited in this opinion solely to explain the argument of respondent. The cited district court decisions are not before us for review and we make no comment about the cited decisions.

Dist. Ct. Apr. 25, 1991). In the second case, the referee cited the earlier decision as authority for the conclusion that the reciprocal enforcement of support laws of Minnesota and the Polish People's Republic are substantially similar. *New York ex rel. Hordynska v. Hordynski*, No. SP 182325, slip op. at 5 (Hennepin County Dist. Ct. Jan. 14, 1993). The referee also stated that a January 25, 1989 attorney general opinion upheld the existence of reciprocal actions between the United States and Poland. *Id.* at 6. The district court in the second case affirmed these aspects of the referee's order. *Id.* at 9.

Respondent has not provided this court with a copy of the opinion of the attorney general referred to in the second case and we have not discovered such an opinion through our own research.[3] Even if there were such an opinion, however, it would not provide an adequate basis for the district court's conclusion that reciprocal enforcement actions between Minnesota and the Polish People's Republic are authorized. "While the attorney general's opinions are entitled to careful consideration at all times, they are not binding upon the courts." *Village of Blaine v. Independent Sch. Dist. No. 12*, 272 Minn. 343, 353, 138 N.W.2d 32, 39 (1965). A district court finding based on a nonbinding attorney general opinion does not reflect a judicial determination that the reciprocal enforcement of support acts in effect in Minnesota and the Polish People's Republic are substantially similar.

Although it appears that there have been reciprocal support proceedings in Minnesota that have enforced the support orders of Polish courts, those proceedings provide no authority for commencing this enforcement proceeding. RURESA specifically requires the initiating court to provide to the responding court a copy of the statute in effect in the initiating state so that there can be a judicial determination whether the statute is sub-

stantially similar to the Minnesota Act. *See* Minn.Stat. § 518C.12 subd. 1a (case may be docketed after responding court receives copy of petition, certificate, and substantially similar reciprocal act). This requirement has not been met. If a copy of the Polish statute was not provided to the district court, the district court could not determine whether the Polish statute is substantially similar to the Minnesota Act.

### DECISION

A responsive proceeding against appellant could not be commenced before the responding Minnesota court received from the initiating Polish court a copy of a reciprocal act in effect in the Polish People's Republic that is substantially similar to the Minnesota Revised Uniform Reciprocal Enforcement of Support Act. The district court erred by affirming the order of the referee.

**Reversed.**

---

3. Our research has produced a January 25, 1989, letter from Hubert H. Humphrey, III to Tadeusz Czerwinski, Consulate General Of The Polish People's Republic In Chicago, which states:
   Minnesota law does not establish a formal procedure for officially declaring the law of another jurisdiction "substantially similar" to that of Minnesota. Rather, any questions as to whether such similarity exists in a given case

in which Minnesota is the responding state must be determined by the appropriate Minnesota court. However, our review of the Polish legislation included with Mr. Jan Rabs January 23, 1987, letter to me satisfies us that the reciprocal enforcement of support legislation of the People's Republic of Poland is substantially similar to that of Minnesota.